NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAWAH HENRY,<br><br>        Plaintiff,<br><br>v.<br><br>WALMART STORES, INC.,<br><br>        Defendant. | Civil Action No.: 17-3633 (JLL)<br><br>**OPINION & ORDER** |

IT APPEARING THAT:

1. This matter comes before the Court by way of the motion by Defendant Walmart Stores, Inc. to dismiss Plaintiff Hawah Henry's Complaint for lack of prosecution, pursuant to Federal Rules of Civil Procedure 37 and 41. (ECF No. 15). Plaintiff failed to oppose or otherwise respond to Defendant's Motion within the time allotted by the Federal Rules of Civil Procedure and the Local Civil Rules.

2. In or around April 2017, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey, Law Division, Essex County, alleging a single cause of action for personal injury that occurred on Defendant's premises. (ECF No. 1-2). On May 22, 2017, Defendant removed the case to this Court. (ECF No. 1).

3. On August 14, 2017, a scheduling conference was held before the Honorable Joseph A. Dickson, U.S.M.J. (ECF No. 6). On August 15, 2017, Judge Dickson issued a Scheduling Order, which required, *inter alia*, all written discovery to be completed by September 30, 2017. (ECF No. 7).

4. Pursuant to the Scheduling Order, Defendant served Plaintiff on August 16, 2017 with a Demand for Form A Interrogatories, Supplemental Interrogatories, and a First Notice to Produce. (ECF No. 15-5). Plaintiff did not respond, and Defendant sent Plaintiff a letter on October 27, 2017 requesting a response. (ECF No. 15-6). On January 30, 2018, Defendant sent a letter to Judge Dickson, informing the Court that Plaintiff has yet to respond, and requesting that the Court extend fact discovery and order Plaintiff to respond to all outstanding discovery requests. (ECF No. 9). Accordingly, Judge Dickson ordered that Plaintiff respond to Defendant's letter by February 7, 2018. (ECF No. 10).

5. On February 6, 2018, Plaintiff's counsel sent a letter to Judge Dickson, informing the Court that their office was having a difficult time locating Plaintiff and recently learned that Plaintiff had moved to Liberia. (ECF No. 11). The letter further stated that Plaintiff's counsel needed additional time to locate a valid address in Liberia in order to forward interrogatory answers and HIPPA authorization forms for Plaintiff's review and signature. (*Id.*).

6. On March 30, 2018, Plaintiff's counsel sent a follow-up letter to Judge Dickson, informing the Court that their office found a valid address in Liberia and have been in communication with Plaintiff. (ECF No. 12). According to Plaintiff's counsel, Plaintiff was advised on the status of this litigation and indicated that she has no immediate plans to return to New Jersey. (*Id.*). Plaintiff's counsel stated in their letter that, next time they speak with Plaintiff, they will attempt to get a date certain for her to travel back to New Jersey and advise her that the case may be dismissed "if she is unable to participate in the prosecution of her personal injury claim." (*Id.*).

7. On May 9, 2018, Defendant sent an additional letter to Judge Dickson. (ECF No. 13). In its letter, Defendant stated that it reached out to Plaintiff's counsel by email and telephone, but has not heard a response. (*Id.*). Defendant further stated that it has yet to receive any response to its interrogatories or other discovery requests, which were "long overdue." (*Id.*). Defendant requested that Judge Dickson order Plaintiff to respond to all outstanding discovery or be subject to dismissal. (*Id.*).

8. In a Text Order issued on May 10, 2018, Judge Dickson granted Defendant "permission to file a formal motion seeking the relief requested in its May 9, 2018 letter." (ECF No. 14). Accordingly, Defendant filed this Motion on May 25, 2018, pursuant to Federal Rules of Civil Procedure 37 and 41. (ECF No. 15).

9. Under Federal Rule of Civil Procedure 37(d), the Court may sanction a party for failing to comply with discovery requests, which includes the failure to serve answers to interrogatories. One possible sanction is for the Court to dismiss the action. *See* Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."

10. Here, Plaintiff never responded to Defendant's August 15, 2017 demand for interrogatories and production of documents, despite Defendant's multiple good faith attempts to contact Plaintiff and Judge Dickson's repeated intervention. Plaintiff's failure to prosecute this case is further evidenced by the fact that she never filed any response to Defendant's Motion to Dismiss. For these reasons,

**IT IS THEREFORE**, on this 20th day of June, 2018,

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint for lack of prosecution, (ECF No. 15), is hereby GRANTED; and it is further

**ORDERED** that Plaintiff's Complaint is hereby DISMISSED; and it is further

**ORDERED** that the Clerk of the Court shall mark this case CLOSED.

**SO ORDERED.**

JOSE L. LINARES
Chief Judge, United States District Court